**E-FILED**
Wednesday, 23 September, 2009  03:03:12 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MERVIN LEE WOLFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-3181 |
| | ) | |
| BARRY SCHAEFER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Barry Schaefer's Motion for a More Definite Statement (d/e 7) and his F.R.C.P. 12(f) Motion to Strike (d/e 8).  Plaintiff Mervin Lee Wolfe alleges that Schaefer is the Cumberland County, Illinois, States Attorney (the Office).  Wolfe alleges that he sought the Office in 2008.  Wolfe alleges that, during the 2008 election campaign, Schaefer and the other Defendants violated Wolfe's constitutional rights by disseminating confidential information about Wolfe. Wolfe alleges three claims under 42 U.S.C. § 1983.  Complaint and Jury Demand on All Counts (d/e 1) (Complaint).  Schaefer asks the Court to order a more definite statement and to strike much of the Complaint.  For

the reasons set forth below, the Motion for More Definite Statement is DENIED, and the Motion to Strike is ALLOWED in part.

Schaefer asks for a more definite statement because he does not know which Defendant is named in which Count. The Court has reviewed the Complaint and determined that a more definite statement is not necessary. Counts I and II allege claims against all Defendants. Count III only prays for relief against Defendants Denise Lynn Church and Peter L. Rotskoff, and so, the Count only alleges claims against those two Defendants. Wolfe states that all three Counts are against all Defendants, but Count III, as currently pleaded, is limited to Rotskoff and Church. In any event, a more definite statement is not necessary.

Schaefer also asks the Court to strike numerous paragraphs. This Court may strike redundant, immaterial, impertinent, or scandalous matter from a pleading. Fed. R. Civ. P. 12(f). Such motions are not favored. In this case, however, the Court determines that paragraphs 17-26 and 32-38 of the Complaint should be struck because they are immaterial and contain scandalous matter. Wolfe's claims relate to public dissemination of confidential investigations and confidential information about Wolfe in 2008. The stricken paragraphs are immaterial to those claims. The

2

allegations in these paragraphs concern events that allegedly occurred during the years 2003 to 2005, and many of the allegations concern actions by non-parties.  The paragraphs are immaterial.

Schaefer also asks the Court to strike paragraphs 8-16, 27-31, and 38-43.  The Court declines because these paragraphs provide some background information that may be relevant to the claims.  As such, the Court cannot say that the allegations in those paragraphs are immaterial at this time.

THEREFORE, Defendant Barry Schaefer's Motion for a More Definite Statement (d/e 7) is DENIED, and his F.R.C.P. 12(f) Motion to Strike (d/e 8) is ALLOWED in part.  Paragraphs 17-26 and 32-38 of the Complaint are stricken.  Defendant Schaefer is directed to respond to the remaining portions of the Complaint by October 9, 2009.

IT IS THEREFORE SO ORDERED.

ENTER:   September 23, 2009

FOR THE COURT:

s/  Jeanne E. Scott
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE

3