**E-FILED**
Friday, 04 December, 2009  03:04:17 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MERVIN LEE WOLFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-3181 |
| | ) | |
| BARRY SCHAEFER, DENISE | ) | |
| LYNN CHURCH, PETER L. | ) | |
| ROTSKOFF, and | ) | |
| WILLIAM A. SUNDERMAN, | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Defendants' Motions to Dismiss (d/e 14, 18, and 20).  For the reasons set forth below, the Motions are ALLOWED.

### STATEMENT OF FACTS

For purposes of these Motions, the Court must accept as true all well-pleaded factual allegations contained in the Complaint (d/e 1) and draw all inferences in the light most favorable to Plaintiff Mervin Lee Wolfe.[1]  Hager

---

[1]The Court previously struck paragraphs 17-26 and 32-38 from the Complaint. Opinion entered September 23, 2009 (d/e 11).  The Court will not consider the

v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington

Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996).  The

Court may also consider matters of public record.  Henson v. CSC Credit

Services, 29 F.3d 280, 284 (7th Cir. 1994).  When read in that light, the

Complaint must set forth a short and plain statement of the claims showing

that Wolfe is entitled to relief.  Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 559-63 (2007); Airborne Beepers & Video, Inc.

v. AT & T Mobility LLC, 499 F.3d 663 (7th Cir. 2007).  In doing so, the

allegations must plausibly suggest that Wolfe is entitled to relief.  Twombly,

550 U.S. at 569 n.14.  Allegations of bare legal conclusions or labels alone

are not sufficient.  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949

(2009).

All of the parties are attorneys.  Wolfe was in private practice.

Defendant Barry Schaefer was the Cumberland County, Illinois, States

Attorney.  Defendant William A. Sunderman was in private practice and

Chairman of the Illinois Judicial Inquiry Board.  Defendants Peter L.

Rotskoff and Denise Lynn Church worked for the Illinois Attorney

Registration and Disciplinary Commission (ARDC).  Some time before

---

allegations in those paragraphs.

2003, a third party named Robert B. Cochonour stole money (the Theft) from another third party, the Estate of Jay E. Hayden (Estate). Wolfe alleges Cochonour acted in concert with another third party, the First Neighbor Bank, N.A. (Bank). Wolfe alleges that Sunderman represented the Bank and concealed documents and took steps to thwart Wolfe's investigation of the Theft. Wolfe alleges that all of the Defendants conspired to thwart any attempts to discover documents and information that may have been useful to the victims of the Theft.

In the fall of 2003 and thereafter, Wolfe demanded documents from the Bank and Sunderman that were related to the Theft. In response, Sunderman filed meritless complaints against him with Church and Rotskoff of the ARDC. Sunderman, Church, and Rotskoff conspired to force Wolfe to close his law office and leave the state of Illinois. During December 2003, Church and Rotskoff orchestrated the closing of more than ten ARDC investigations and demanded that Wolfe leave the state or else they would reopen selected complaints.

In the Spring of 2004, Church and Rotskoff had an ARDC investigator swear the Circuit Clerk of Cumberland County to secrecy and to report on Wolfe's whereabouts, while misrepresenting that Wolfe no

longer had the right to practice law in Illinois.  Schaefer directed Assistant States Attorney Glen Wright to share grand jury information and documents with Church.  Church claimed that she was reviewing the documents as part of her investigation of Wolfe and other attorneys.  In doing so, Church and Rotskoff disclosed to Wright and Schaefer that the ARDC was investigating Wolfe.  Church and Schaefer directed Wright to serve Wolfe with an ARDC subpoena in mid-2004.  Wright served the subpoena just before Wolfe testified before the grand jury regarding the Theft in 2004.

In 2008, Wolfe ran against Schaefer for the office of Cumberland County States Attorney.  Wolfe alleges that Church and Rotskoff intensified their efforts to open meritless investigations of Wolfe and worked with Schaefer to obstruct Wolfe's campaign.  During the fall 2008 campaign, Schaefer approved of advertisements that disclosed confidential investigations of Wolfe by the ARDC, the Illinois Department of Revenue and the Illinois Department of Employment Security.

Based on these allegations, Wolfe has asserted three claims under 42 U.S.C. § 1983 for violation of his constitutional rights.  Count I alleged that the Defendants violated his rights under the Fourth and Fourteenth

Amendments by making false accusations in confidential investigations and then publishing those confidential investigations.  Count II alleged a conspiracy to violate Wolfe's Fourth Amendment rights.  Count III alleged a claim against Church and Rotskoff because Rotskoff knowingly, recklessly, and with gross negligence failed to instruct, supervise, control, and discipline Church, and because Rotskoff and Church directly or indirectly approved or ratified the unlawful conduct of Schaefer.

The Defendants now move to dismiss these claims.

## ANALYSIS

The Defendants move to dismiss on a number of grounds.  Two are sufficient.  First, the statute of limitations for § 1983 claims in Illinois is two years.  Dominiguez v. Hendley, 545 F.3d 585, 588 (7th Cir. 2008).  Wolfe filed this action on July 14, 2009.  Thus, all of Wolfe's claims based on conduct that occurred before July 14, 2007, are barred by the statute of limitations.  All of the claims against Sunderman arise from events that occurred in 2004 and before.  All of the claims against him are barred by the statute.

Second, all of the Defendants are entitled to qualified immunity.  A defendant in a § 1983 action is entitled to qualified immunity if the alleged

wrongful conduct did not violate a federal constitutional or statutory right that was clearly established at the time.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The plaintiff has the burden of demonstrating the right at issue was clearly established at the time.  Erwin v. Daley, 92 F.3d 521, 525 (7th Cir. 1996)

In this case, Wolfe claims that the Defendants violated his constitutional rights to privacy and due process.  He argues that he had a right to privacy in the confidential nature of investigations conducted by the ARDC, the Illinois Department of Revenue, and the Illinois Department of Employment Security.  Wolfe also argues that he had a liberty or property interest created by Illinois Supreme Court Rule 766 which prohibited the disclosure of ARDC investigations.  Church and Rotskoff violated his rights to privacy and due process by wrongfully disclosing information to Schaefer and Wright and allowing Schaefer to disseminate that information publically.  Schaefer violated his right to privacy and due process by wrongfully disclosing information about the investigations by the ARDC, the Illinois Department of Revenue, and the Illinois Department of Employment Security.

Wolfe has presented no authority that clearly established that Wolfe,

6

as the subject of a state agency investigation, had a federal constitutional right to privacy in the confidential nature of such investigations.  He also has presented no authority that clearly established that Illinois Supreme Court Rule 766 gave him, as the subject of an ARDC investigation, a liberty or property interest in the confidentiality of that investigation.  Wolfe cites a number of Illinois judicial and administrative decisions that discuss the confidential nature of various investigations.   None of those decisions address the existence of a clearly established federal constitutional right. Wolfe, therefore, fails to meet his burden.  The Defendants are entitled to the defense of qualified immunity.[2]

THEREFORE,   the   Motion   to   Dismiss   Complaint   (d/e   14), Sunderman's Motion to Dismiss (d/e 18), and Motion to Dismiss (d/e 20) are ALLOWED.  This case is dismissed with prejudice.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

---

[2]In appropriate cases, the Court is not required to determine whether the conduct actually violated a constitutional right before finding qualified immunity.  Pearson v. Callahan, __ U.S. __, 129 S.Ct. 808, 818 (2009).  This is such a case.  Thus, the Court will not address whether Wolfe's claimed rights exist.

ENTER:   December 4, 2009

   FOR THE COURT:

                              _____ s/ Jeanne E. Scott _____
                                    JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE